# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**LEWIS JUDKINS,**
        Petitioner-Defendant,

    v.                                     **Case No. 12-C-0759**
                                              **(Criminal Case No. 09-CR-20)**

**UNITED STATES OF AMERICA,**
        Respondent-Plaintiff.

---

## DECISION AND ORDER

Petitioner Lewis Judkins filed a motion under 28 U.S.C. § 2255 seeking to vacate his sentence on drug conspiracy charges. I reviewed the motion, ordered the government to respond, and permitted petitioner to reply. I now deny the motion without a hearing.

## I. BACKGROUND

On January 13, 2009, the government obtained an indictment charging petitioner with conspiracy to possess with intent to distribute and to distribute 5+ kilograms of cocaine and 50+ grams of crack cocaine and four substantive counts of cocaine and crack distribution. Petitioner filed no motions challenging the collection of evidence in his case, and on February 11, 2010, he pleaded guilty to the conspiracy count, preserving no issues for appeal. On May 26, 2010, I sentenced him to 180 months in prison. The Seventh Circuit dismissed his direct appeal of the sentence as frivolous. United States v. Judkins, 405 Fed. Appx. 61 (7th Cir. 2010).[1]

---

[1] The court of appeals noted that petitioner did "not want his guilty plea vacated." Id. at 62.

On March 12, 2012, petitioner filed a letter alleging that the police unlawfully gathered evidence in his case pursuant to the warrantless installation of a GPS device and phone recordings done without an authorized wiretap. He indicated that he was told to file a § 2241 motion but had no paperwork or counsel to help him; he asked that the court take his letter as his motion to start the process.

On June 29, 2012, I issued an order regarding the March 12 letter, noting that the issues petitioner raised fell substantively within § 2255(a). See United States v. Evans, 224 F.3d 670, 675 (7th Cir. 2000). I therefore provided the notice required by Castro v. United States, 540 U.S. 375 (2003) and gave petitioner thirty days to withdraw his filing or amend or supplement it to contain all § 2255 claims he believed he had. I also provided a copy of this district's pro se § 2255 forms.

On July 24, 2012, petitioner filed a § 2255 motion raising four grounds for relief. First, he claimed that the police illegally recorded phone calls without a wiretap warrant. Specifically, he stated that law enforcement officers recorded conversations relating to a controlled buy that took place in July of 2008, which was before a wiretap warrant was issued.

Second, petitioner claimed that the police violated his and others' Fourth Amendment rights by putting a GPS device on co-conspirator Misty Dolgner's car between March and October 2008, during which time he used the car numerous times. He noted that the installation and use of such devices for long-term tracking can constitute an unlawful trespass under the Fourth Amendment. See United States v. Jones, 132 S. Ct. 945 (2012).

Third, petitioner challenged the use of GPS without a search warrant. He again indicated that the government attached a GPS device to Dolgner's car for several months for tracking, which constitutes a search under the Fourth Amendment. The GPS helped agents

2

determine that the car made numerous trips to Chicago (ostensibly, to pick up cocaine); petitioner stated: "I'm sure some of those trips were made by myself." (R. 1 at 10.)

Fourth, petitioner alleged that the police used illegally acquired information to obtain wiretaps and build the case against him and others. In support, he again referred to the recordings related to the July 2008 controlled buy, prior to the issuance of a wiretap warrant in November 2008, and the illegal use of GPS tracking between March and October of 2008.

## II. DISCUSSION

### A. Applicable Legal Standards

Section 2255 allows a federal prisoner to attack his sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The statute provides "an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." Almonacid v. United States, 476 F.3d 518, 521 (7th Cir. 2007). Prisoners may not use § 2255 as a repeat of or a substitute for direct appeal. Varela v. United States, 481 F.3d 932, 935 (7th Cir. 2007). "When an issue is not raised on direct appeal, but later attacked collaterally via a petition for post-conviction relief, the petitioner will be barred from collateral review unless he can show good cause for failing to raise the issue and actual prejudice." Galbraith v. United States, 313 F.3d 1001, 1006 (7th Cir. 2002).[2] Further, under the rule of

---

[2] Ineffective assistance of counsel claims need not be raised on direct appeal. See Massaro v. United States, 538 U.S. 500 (2003). However, petitioner does not raise such a claim in his § 2255 motion.

3

Stone v. Powell, 428 U.S. 465 (1976), a federal prisoner may not obtain collateral relief on a Fourth Amendment claim if he was able present the argument directly. Brock v. United States, 573 F.3d 497, 500 (7th Cir. 2009) (citing Owens v. United States, 387 F.3d 607, 609 (7th Cir. 2004)).

**B.    Analysis**

Petitioner's motion fails for several interlocking reasons. First, he procedurally defaulted his claims by failing to directly challenge, in this court or the court of appeals, the manner in which the police collected evidence in his case. In his reply submission, petitioner claims that he asked his lawyer what they could do about the phone call and GPS tracking; he says he also told his lawyer he wanted to go to trial, but the lawyer became upset and told him he couldn't win, so he decided to plead guilty; he contends that his lawyer should nevertheless have raised the issues he was asking about. Petitioner did not challenge his lawyer's performance in the original § 2255 motion; to the extent that he may be seeking to excuse his procedural default by claiming ineffective assistance of counsel, see Murray v. Carrier, 477 U.S. 478 (1986), the argument falls short. As discussed in more detail below, both state and federal law allowed the police to record the conversations leading to the July 2008 controlled buy. Wis. Stat. § 968.31(2)(b); 18 U.S.C. § 2511(2)(c). Similarly, Seventh Circuit precedent at the time allowed GPS tracking without a warrant. United States v. Garcia, 474 F.3d 994 (7th Cir. 2007); see also United States v. Cuevas-Perez, 640 F.3d 272 (7th Cir. 2011), vacated, 132 S. Ct. 1534 (2012) (remanding in light of Jones). Given the state of the law, counsel did not perform deficiently by failing to raise these issues. See Strickland v. Washington, 466 U.S. 668, 689 (1984) (holding that the court should evaluate performance from counsel's perspective at the time); see also Stone v. Farley, 86 F.3d 712, 717 (7th Cir. 1996) ("Failure

4

to raise a losing argument . . . does not constitute ineffective assistance of counsel.").[3]

Second, petitioner's complaints about recording and GPS tracking arise under the Fourth Amendment; Stone bars such claims from collateral review. Petitioner notes that Stone concerned a state prisoner seeking habeas relief, but the Seventh Circuit "has determined that the principles of Stone apply equally to § 2255 motions." Brock, 573 F.3d at 500. Petitioner also argues that he did not have a "full and fair" opportunity to litigate his claims because his lawyer failed to raise them. An ineffective assistance claim, to the extent it could be used to overcome the Stone barrier, see Kimmelman v. Morrison, 477 U.S. 365 (1986), cannot succeed in this case, for the reasons stated in this decision. Petitioner further claims that he had no knowledge that certain issues had to be litigated on direct appeal, but he cites no authority suggesting that ignorance of the law provides an excuse for default or a means of avoiding Stone.

Third, in addition to the Stone barrier, petitioner entered a knowing and voluntary guilty plea, which generally precludes a prisoner from thereafter raising "independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973). Petitioner makes no effort to "attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel [fell below Sixth Amendment] standards[.]" Id. Nor does he claim that he would not have pleaded guilty but instead insisted on going to trial had counsel challenged this evidence or otherwise advised him differently. See Hill v. Lockhart, 474 U.S. 52, 59 (1985). Rather, he speculates in his reply submission that the government "may have put a different

---

[3]I also note that during his plea colloquy I asked petitioner if he was satisfied with his lawyer, and he responded, "Yes, sir." (Plea Colloquy [Case No. 09-CR-20, R. 90] at 3.)

5

deal on the table or my lawyer might have fought harder." (R. 10 at 2.) This is insufficient to show prejudice. See United States v. Farr, 297 F.3d 651, 658 (7th Cir. 2002); Barker v. United States, 7 F.3d 629, 633 (7th Cir. 1993).

Finally, even if petitioner could overcome these procedural barriers, his motion would fail. Petitioner provides no authority in support of his claim that the recordings related to the July 2008 controlled buy violated his rights. Wisconsin law specifically allows a law enforcement officer to record a call where one of the parties to the communication has given prior consent to the interception. Wis. Stat. § 968.31(2)(b). It is undisputed in this case that the informant who engaged in the controlled buy with petitioner acted at the behest of law enforcement and consented to the recording. Petitioner notes that his case was handled federally, but federal law contains an identical exception. 18 U.S.C. § 2511(2)(c). Thus, a challenge to these recordings would fail. See also United States v. Cieslowski, 410 F.3d 353, 360 (7th Cir. 2005) ("When the claim of ineffective assistance is based on counsel's failure to present a motion to suppress, we have required that a defendant prove the motion was meritorious.").

As to the GPS claim, petitioner provides no factual detail regarding the officers' actions. It is thus unclear whether the police in this case effected the sort of trespass that was at issue in Jones. In order to obtain a hearing, a § 2255 petitioner must supply a detailed and specific affidavit showing that he has actual proof of the allegations going beyond mere unsupported assertions, Prewitt v. United States, 83 F.3d 812, 819 (7th Cir. 1996), which petitioner has failed to do. In any event, Jones, which came down after petitioner's conviction became final, does not apply retroactively. Under Teague v. Lane, 489 U.S. 288, 310 (1989), "new constitutional rules of criminal procedure will not be applicable to those cases which have

6

become final before the new rules are announced." Teague provided two exceptions to this general rule, neither of which applies here. Requiring the police to have a warrant prior to attaching a GPS unit to a suspect's vehicle does not render "any primary, private conduct beyond the power of the criminal-law making authority to proscribe," id. at 311, and a warrant requirement for police GPS tracking is not "central to an accurate determination of innocence or guilt," id. at 313. See, e.g., Hernandez v. United States, No. 3:12-CV-0921, 2013 WL 625752, at *2 (N.D. Tex. Jan. 29, 2013), adopted, 2013 WL 632107 (N.D. Tex. Feb. 20, 2013); United States v. Jesus-Nunez, No. 1:10-CR-017-01, 2013 WL 312387, at *7 (M.D. Pa. Jan. 25, 2013); Reyes-Sotero v. United States, No. 12-CV-1036, 2012 WL 6681963, at *2 (D. Md. Dec. 21, 2012); United States v. Reyes, No. 12-CV-555, 2012 WL 4339070, at *6-7 (S.D. Cal. Sept.19, 2012); Garcia v. Bradt, No. 09-CV-7941, 2012 WL 3027780, at *5 (S.D.N.Y. Jul. 23, 2012). Further, at the time the police tracked Dolgner's car, circuit precedent did not require a warrant, Garcia, 474 F.3d at 996, authority upon which the officers could have relied in good faith, United States v. Martinez, No. CR F 10-339, 2012 WL 1378491, at *2 (E.D. Cal. Apr. 19, 2012) (citing Davis v. United States, 131 S. Ct. 2419, 2434-24 (2011)).

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that petitioner's § 2255 motion is **DENIED**, and this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2255 petitioner. A COA may issue only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the court denies

7

Case 2:12-cv-00759-LA   Filed 03/18/13   Page 7 of 8   Document 11

a motion on the merits, the standard for making a "substantial showing" is whether reasonable jurists could debate whether the motion should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Slack v. McDaniel, 529 U.S. 473, 484 (2000). When a district court denies a motion on procedural grounds, the petitioner must show both that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Id. at 484-85. For the reasons stated above, jurists of reason would not disagree with either my procedural or merits determinations, so I decline to issue a COA.

Dated at Milwaukee, Wisconsin this 18th day of March, 2013.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

8